**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| W.L.G.,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al*.,<br><br>Respondents. | Civil Action No. 26-10179 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner W.L.G.'s ("Petitioner") motion for reconsideration (ECF No. 10) of the Court's August 19, 2026, Order granting Petitioner's Petition for Writ of Habeas Corpus ("Petition"). Respondents opposed the motion (ECF No. 12), and Petitioner replied in further support (ECF No. 13).

Petitioner, a native of Peru, entered the United States in or around 2022. (ECF No. 1 at 1.) On March 2, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") officers. (*Id.*) On August 11, 2026, Petitioner filed his Petition, arguing that he was unlawfully detained under 8 U.S.C. § 1225(b)(2). (*See generally id.*) Petitioner also argued that his detention was unlawful because he was arrested without a warrant. (*Id.*) Following an order from the Court, Respondents filed a response submitting that Petitioner was detained under § 1225(b)(2). (ECF No. 7 at 2.) Respondents also informed the Court that on December 22, 2025, Petitioner was arrested for (1) violating an order of protection and (2) aggravated harassment, involving communication of threats by phone, computer, or email. (*Id.* at 1.) Petitioner pled guilty to an

amended charge of disorderly conduct: creating a hazardous or physically offensive condition. (*Id.*) Additionally, on January 5, 2026, Petitioner was arrested for disobeying a court order. (*Id.*)

On August 19, 2026, the Court issued an Order finding that the facts asserted in the Petition establish that Petitioner cannot be mandatorily detained under the plain text of § 1225(b)(1) or (b)(2), because Petitioner has resided in the country and was detained years later in the interior of the country. (ECF No. 8 at 2.) The Court granted Petitioner's Petition and ordered Respondents to treat Petitioner as detained under 28 U.S.C. § 1226(a). (*Id.* at 3.) The Court ordered Respondents to provide Petitioner with an individualized bond hearing in accordance with 28 U.S.C. § 1226(a) before an immigration judge who shall assess whether Petitioner presents a flight risk or a danger to the community. (*Id.*) On August 26, 2026, Petitioner appeared for a bond hearing before an immigration judge, who denied bond based on a finding that Petitioner is a danger to the community and a flight risk. (*See* ECF No. 9.)

On August 28, 2026, Petitioner filed the instant motion for reconsideration. (ECF No. 10-1.) Petitioner asks the Court to reconsider the remedy provided in the Court's August 19, 2026 Order. (*Id.* at 4-6.) Petitioner argues that because Respondents unlawfully detained Petitioner under § 1225(b)(2), immediate release, not a §1226(a) bond hearing, is the appropriate remedy. (*Id.*) Petitioner further argues that the Court should have ordered his release rather than convert his detention to detention under § 1226(a). (*Id.*) Petitioner also argues that the Court "overlooked" his argument that he was arrested without a warrant in violation of the Immigration and Nationality Act ("INA"). (*Id.* at 6.)

Under Federal Rule of Civil Procedure 59(e), a motion for reconsideration to alter or amend a judgment should be granted only where the moving party shows: "(1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court

[made its initial decision] or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (citation modified and omitted). Reconsideration "should be granted sparingly" because "federal courts have a strong interest in the finality of judgments." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). A losing party cannot use such a motion to "relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)).

Petitioner argues that the Court should reconsider the Court's prior Order granting Petitioner's Petition and ordering a bond hearing, rather than release. (ECF No. 10-1 at 4-6.) Petitioner submits that the Court has previously ordered release, not a bond hearing, when the Government unlawfully detained a petitioner under § 1225(b). (*Id.* at 4, citing *Tovar v. Soto*, No. 26-3441, 2026 WL 1005096, at *2 (D.N.J. Apr. 14, 2026).) The Court acknowledges that in many cases it has ordered a petitioner's release from custody when it finds the petitioner was unlawfully detained under § 1225(b). However, habeas relief is an "adaptable remedy" that depends on the circumstances of the case at bar. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008). Here, in light of Petitioner's criminal history, the Court found that ordering Respondents to treat Petitioner as detained under § 1226(a) and ordering a bond hearing was the appropriate remedy. *See id.* (recognizing that habeas corpus is "an adaptable remedy" that depends on the circumstances, and that "release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.") The Court considered the facts presented here and found that a bond hearing was the appropriate habeas remedy.

Petitioner also argues that rather than order a hearing where Petitioner bore the burden of proof to justify release, the Court should have ordered a bond hearing where the Government bore the burden to justify Petitioner's continued detention by clear and convincing evidence. (ECF No. 10-1 at 6.) Under 8 U.S.C. § 1226(a), the Government is authorized to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). At a bond hearing under the statute, the noncitizen bears the burden of proving that they are neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279. Accordingly, the Court ordered a bond hearing where Petitioner bore the burden of proof.

Finally, Petitioner argues that the Court did not consider his argument that he is entitled to release from custody because he was arrested and detained without a warrant, and the INA requires a warrant to arrest an individual under § 1226(a). (ECF No. 10-1 at 6.) However, Respondents initially detained Petitioner under § 1225(b). The Court ordered Respondents to treat Petitioner as detained under § 1226(a). Accordingly, Petitioner is now lawfully detained under §1226(a). Petitioner has not demonstrated an intervening change in controlling law, newly available evidence, clear error of law or fact, or manifest injustice warranting reconsideration of the Court's August 19, 2026 Order. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Petitioner's motion for reconsideration will be denied.

Accordingly,

**IT IS** on this 16th day of October 2026,

**ORDERED** that the Clerk of the Court shall **REOPEN** this matter for the purpose of entering this Memorandum and Order; it is further

**ORDERED** that Petitioner's motion for reconsideration (ECF No. 10) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**